

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| OMAR CANO-LOPEZ,<br>"Plaintiff,"<br><br>v.<br><br>KRISTI NOEM, *U.S. Secretary of Homeland Security*<br>"Defendant." | § § § § § § § § § Civil Action No. 1:23-cv-00044 |

## ORDER

Before the Court is "Plaintiff's Rule 59 Motion for New Trial, or to Alter or Amend the Judgment" (Dkt. No. 60) ("Motion"), "Respondent's Opposition to Petitioner's Rule 59 Motion for a New Trial, or to Alter or Amend the Judgment" (Dkt. No. 61) ("Response"), and "Reply in Support of Plaintiff's Rule 59 Motion for New Trial, or to Alter or Amend the Judgment" (Dkt. No. 64) ("Reply"). For these reasons, Plaintiff's Motion (Dkt. No. 60) is **DENIED**.

Plaintiff's Motion requests the Court to either grant a new trial or alter or amend its judgment based on "new, significant, and previously unavailable evidence." Dkt. No. 60-1 at 1. Namely, Plaintiff wants to introduce testimony from his father's sister-in-law, María Luisa Sáenz, who claims that, during the 1950s, Plaintiff's father lived in Houston and often visited her and her husband in Matamoros. *Id.* at 2. Plaintiff argues this evidence was "previously unavailable" because Sáenz suffered health problems. *Id.* Because of her health, Plaintiff "did not provide [his] attorney with the name of…Saenz" as they "were preparing for trial." Dkt. No. 60-3.

A motion for new trial or a motion to alter or amend the judgment "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Because the burden is on the moving party to show the purportedly new evidence "clearly weighs in favor of a new trial," *Diaz v. Methodist Hosp.*, 46 F.3d 492, 495 (5th Cir. 1995), courts will not disturb a final judgment for an affidavit that is not "the type of new evidence that a truly diligent litigant would be powerless to unearth." *Id.* at 496. "Newly discovered evidence must be evidence in existence of which a party was excusably ignorant, discovered after trial." *United States v. 41 Cases, More or Less*, 420 F.2d 1126 (5th Cir. 1970).

Plaintiff does not convincingly establish that Ms. Sáenz's testimony is newly discovered. Plaintiff does not even argue that he was unaware of her potential testimony, only that he made the decision to "not provide [his] attorney" her name to insulate her from "the pressure of being [in] court." Dkt. No. 60-3. Plaintiff failed to inform his attorney or Defendant of Ms. Sáenz; there is no evidence Plaintiff monitored her health, moved to stay proceedings for the sake of her testimony, or tried to enter this evidence without exposing Ms. Sáenz to the pressures of litigation. Plaintiff has not demonstrated he was "properly diligent" or that he was "powerless to unearth" this evidence before the judgment. *Diaz*, 46 F.3d at 496.

For these reasons, Plaintiff's Motion (Dkt. No. 60) is **DENIED**.

Signed on this 10th day of April 2025.

Rolando Olvera
United States District Judge